UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
\_\_\_\_\_

DeMarcus T. Young,

        Plaintiff,

v.

Gretchen Whitmer et al.,

        Defendants.
_____/

Case No. 2:20-cv-68

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In an opinion and judgment issued on September 9, 2020 (ECF Nos. 7, 8), the Court dismissed the complaint for failure to state a claim. Plaintiff appealed to the Sixth Circuit. On April 19, 2021, the Sixth Circuit held that, although this Court had denied Plaintiff's motion for class certification and dismissed Plaintiff's Eighth Amendment claim, it had failed to address Plaintiff's due process claim. As a result, the Sixth Circuit concluded that the appeal was interlocutory and remanded the case to this Court for consideration of Plaintiff's unresolved claims. (ECF No. 14.) The matter presently is before this Court for consideration of Plaintiff's remaining substantive due process claim.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will sever Plaintiff's claim seeking release from custody into a new habeas action. The Court also will dismiss for failure to state a claim Plaintiff's remaining substantive due process claim, reaffirm its prior determinations on class certification and the Eighth Amendment, and dismiss the instant action with prejudice for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Governor Gretchen Whitmer, MDOC Director Heidi Washington, and Warden Connie Horton.

In his complaint, Plaintiff alleges that he is a medically vulnerable prisoner, but he does not allege any specific facts regarding his age or any preexisting medical conditions. Plaintiff states that on March 10, 2020, the Michigan Department of Health and Human Services identified the first two positive cases of COVID-19 in Michigan. On the same date, Governor Whitmer issued an executive order declaring a state of emergency, which stated that the best way to prevent the spread of COVID-19 is to maintain a distance of six feet between other people, to wear masks, and to frequently clean hands and surfaces. Plaintiff alleges that although the MDOC has instituted certain procedures to protect inmates, they do not adequately protect prisoners. Plaintiff states that ventilation, heating, cleaning and sanitary supplies, personal hygiene supplies, personal protective equipment, and the ability to socially distance are all inadequate.

Plaintiff states that the Defendants failure to properly address the continued danger of contracting COVID-19 violates his due process rights under the Fifth and Fourteenth

Amendments, and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks early release from prison, home confinement and community placement, or a modified prison environment to allow for social distancing. Plaintiff also seeks adequate cleaning and personal hygiene supplies. Finally, Plaintiff seeks compensatory and punitive damages.

As indicated, Plaintiff's complaint was initially dismissed by this Court on September 9, 2020. In the opinion of dismissal, the Court found that Plaintiff had failed to state a claim under the Eighth Amendment. On appeal, the Sixth Circuit concluded that the appeal was interlocutory, because this Court failed to specifically address Plaintiff's due process claims. The matter therefore is before the Court for consideration of Plaintiff's unresolved claim.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Request for early release from prison

As noted above, Plaintiff is seeking, among other things, early release from prison. The Court notes that a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, Plaintiff has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006).

All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. *Id.* Most state

4

prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Plaintiff brings seeks relief from custody from a state court judgment. His request for early release from prison, therefore, is governed by § 2254.

In addition to Plaintiff's request for habeas corpus relief, he continues to have a pending claims for damages and injunctive relief specifically addressing unsafe conditions in the prison. Habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Plaintiff, which involve conditions of confinement, "do not relate to the legality of [Plaintiff's] confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). To the extent Plaintiff seeks relief correcting unsafe conditions of his confinement or compensating him for such conditions, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Therefore, the Court will sever Plaintiff's request for early release from prison—as a measure to protect Plaintiff from the danger posed by the prison's alleged mishandling of the COVID-19 virus—into a separate § 2254 habeas petition with Warden Connie Horton as the Respondent. In addition, the Court will address Plaintiff's unresolved substantive due process

claim in the current § 1983 case to the extent that Plaintiff seeks damages or other relief related to correcting unsafe conditions in the prison.

## IV. Previously decided issues

In its September 9, 2020, opinion and judgment, this Court thoroughly addressed Plaintiff's request for class certification and his Eighth Amendment claim, denying both. The Court has reviewed its prior decision and finds no error. As a consequence, the Court reaffirms its September 9, 2020, determinations on class certification and the Eighth Amendment.

## V. Substantive due process claims

Plaintiff is not entitled to relief on his substantive due process claim. The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))).

However, the Supreme Court repeatedly has held that, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266,

6

269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, a specific constitutional amendment applies to Plaintiff's claims: the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his conditions-of-confinement claims. *See Graham*, 490 U.S. at 394 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims)); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Thus, Plaintiff's substantive due process claim will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act to the remaining claims, as instructed by the Sixth Circuit, the Court will sever Plaintiff's claims seeking release from confinement into a separate habeas action. The Court also reaffirms its September 9, 2020, decision denying class certification and dismissing Plaintiff's Eighth Amendment claim. Plaintiff's only remaining claim in this § 1983 action—his substantive due process claim— will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), and the Court will dismiss with prejudice the instant § 1983 complaint. The Court must next decide whether an appeal of this action would be in good faith within the meaning

7

of 28 U.S.C. §1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment and order consistent with this opinion will be entered.


Dated:  May 28, 2021                             /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE